IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

RE/MAX, LLC,

    Plaintiff,

    v.                      CIVIL NO.: WDQ-12-3290

MELITA MCCROSKEY, et al.,

    Defendants.

MEMORANDUM OPINION & ORDER

RE/MAX, LLC ("RE/MAX") sued Melita McCroskey, Karen Chandler, and McCroskey & Associates, LLC ("McCroskey & Associates") for trademark and related claims. Pending is McCroskey's response to the Court's order to show cause why the default against her should be set aside. For the following reasons, the default will be set aside.

On November 8, 2012, RE/MAX filed suit. ECF No. 1. On January 16, 2013, proof that the summons for McCroskey had been served was filed. ECF No. 20. The process server affirmed that he served McCroskey on January 4, 2013, by leaving process with Kelly Friend, who confirmed that she resided with McCroskey.

*Id.*[1]  On January 28, 2013, McCroskey & Associates was served by personal service on McCroskey.  ECF No. 23.

On February 6, 2013, RE/MAX moved for a clerk's entry of default for McCroskey, and on February 20, 2013, for McCroskey & Associates.  ECF Nos. 24, 25.  On February 22, 2013, the Clerk entered default against both.  ECF Nos. 26-27.

On March 18, 2013, McCroskey filed what purported to be an answer on behalf of her and McCroskey & Associates.  ECF No. 31.  The certificate of service indicated that McCroskey had mailed the answer on February 22, 2013.  *Id.*  On April 10, 2013, RE/MAX moved to strike the answer, asserting that McCroskey was in default and unable to represent McCroskey & Associates.  ECF No. 32.  RE/MAX asserted without explanation that it would be prejudiced by the delay in filing the answer.  ECF No. 32-1 at 4.  On May 6, 2013, the Court granted the motion in part, struck the answer as to McCroskey & Associates, and ordered McCroskey to show good cause to vacate the default under Fed. R. Civ. P. 55(c) within 21 days.  ECF No. 36.

---

[1] *See* Fed. R. Civ. P. 4(e)(2)(B) (permitting service by leaving a copy of summons and complaint at individual's dwelling "with someone of suitable age and discretion who resides there.")

On June 4, 2013, the Court received McCroskey's response.[2] ECF No. 37. McCroskey asserted that Friend did not reside with her--and never indicated such--and, therefore, service on her was not proper. *Id.* She implied that she had based the time for her answer on the January 28, 2013 service on McCroskey & Associates, and she excluded Sundays and holidays from the calculation.[3] *Id.* Finally, she asserted that she has been diagnosed with attention-deficit disorder, and "[t]he imposed stress added to this disorder by this law suit and lack of income for counsel has increased the defendant's impairment causing increased disability and decreased mental functioning." *Id.*

RE/MAX has not addressed McCroskey's assertions. However, in a joint motion to modify the scheduling order, RE/MAX indicated that it "does not believe that McCroskey has set forth valid reasons for her almost two-month delay in answering the Complaint." ECF No. 38. RE/MAX did not elaborate. Under the current scheduling order, RE/MAX's Rule 26(a)(2) disclosures are due August 12, 2013. ECF No. 39.

---

[2] McCroskey indicated that she received the Court's order on May 8, 2013. ECF No. 37. The certificate of service indicates that the response was mailed May 24, 2013. *Id.*

[3] A Saturday, Sunday, or holiday is excluded from the calculation only if it is the last day of a response period; then the period continues to the next business day. Fed. R. Civ. P. 6(a)(1)(C).

3

Under Fed. R. Civ. P. 55(c), the Court "may set aside an entry of default for good cause." Courts have granted relief from default due to mistake or confusion by counsel, illness, or a defendants' failure to receive service. See 10A Charles Alan Wright et al., *Federal Practice & Procedure* § 2696. The Fourth Circuit has stated six factors to consider when determining whether to vacate a default: "whether the moving party has a meritorious defense, whether it acts with reasonable promptness, the personal responsibility of the defaulting party, the prejudice to the party, whether there is a history of dilatory action, and the availability of sanctions less drastic." *Payne ex rel. Estate of Calzada v. Brake*, 439 F.3d 198, 204-05 (4th Cir. 2006).

The first *Payne* factor, a meritorious defense is neutral. McCroskey's answer generally denies the allegations and raises standard affirmative defenses. See ECF No. 31. It is unclear what her defenses are or if they are meritorious.

Second, McCroskey acted with reasonable promptness. She disputes that the initial service through Friend was proper. See ECF No. 37. The certificate of service indicates that the answer was mailed on February 22, 2013, the same day as the entry of default, even though it was not received by the Court until March 18, 2013. See ECF Nos. 26, 31. McCroskey's answer was received by the Court only two and a half months after she

4

was first served through Friend. See ECF Nos. 20, 31. This is reasonably prompt and favors setting aside the default. See Peche v. Keller, No. 1:11CV362, 2012 WL 2128095, at *11 (M.D.N.C. June 12, 2012).

For the third factor, McCroskey is personally responsible. She is pro se and cannot blame her failure to promptly answer on an attorney. This factor is mitigated, however, by her disability and her apparent confusion over the proper calculation of time to respond. Accordingly, this factor slightly weighs against vacatur.

Under the fourth Payne factor, there is no indication that RE/MAX would be prejudiced by setting aside the default. In this context, "delay in and of itself does not constitute prejudice to the opposing party."[4] Colleton Preparatory Acad., Inc. v. Hoover Universal, Inc., 616 F.3d 413, 418 (4th Cir. 2010). The scheduling order was recently amended to allow more time for discovery, Chandler remains in the case as a defendant, and McCroskey & Associates is still in default. See ECF Nos. 21, 27, 39. No trial date has been set. Further, RE/MAX has indicated a willingness to engage in good faith settlement negotiation with McCroskey. See ECF No. 38. RE/MAX's lack of prejudice favors setting aside the default.

---

[4] The Court notes that RE/MAX asserted that it would be prejudiced if the motion to strike were denied, but did not give any explanation other than delay. See ECF No. 32-1 at 4.

The fifth factor is a history of dilatory action. McCroskey's answer was late, although she apparently believed that it was timely. See ECF No. 37. Although the certificate of service indicates that it was sent on May 24, 2013, the Court did not receive her response to its order until June 4, 2013. ECF No. 38. Although this could indicate dilatoriness, it appears to indicate a problem with the delivery service that McCroskey used. The Court finds that this factor does not weigh against vacatur, but McCroskey should use a different service to ensure that her filings are timely.

Finally, less drastic sanctions than default will be available throughout this litigation if McCroskey continues untimely responses. For example, sanctions are available for discovery violations, see, e.g. Fed. R. Civ. P. 37, and motions that do not have timely responses may be granted as unopposed.[5]

In light of the Fourth Circuit's "strong policy that cases be decided on the merits,"[6] and McCroskey's pro se status, under the Payne factors the Court finds good cause to set aside the default. The Court reminds McCroskey that "[a]lthough pro se

---

[5] Additionally, courts have been willing to entertain motions for attorneys' fees for motions to strike late documents related to the default. See Pinpoint IT Servs., LLC v. Atlas IT Export Corp., 812 F. Supp. 2d 710, 728 (E.D. Va. 2011).

[6] See United States v. Shaffer Equipment Co., 11 F.3d 450, 453 (4th Cir. 1993); Dow v. Jones, 232 F. Supp. 2d 491, 494 (D. Md. 2002).

litigants are given liberal treatment by courts, even *pro se* litigants are expected to comply with time requirements and other procedural rules 'without which effective judicial administration would be impossible.'"[7] The default entered against McCroskey will be set aside. She should not necessarily expect such favorable consideration on other issues that may arise in this case.

Accordingly, it is, this 3d day of July, 2013, ORDERED that:

1. The Clerk's entry of default against McCroskey (ECF No. 26), BE, and HEREBY IS, VACATED;

2. RE/MAX's motion to strike (ECF No. 32), BE, and HEREBY IS, DENIED in part as to McCroskey;

3. The Amended Scheduling Order (ECF No. 39) applies to McCroskey; and

4. The Clerk of the Court shall send copies of this Order to the parties.

                                      /s/
                            William D. Quarles, Jr.
                            United States District Judge

---

[7] *Dancy v. Univ. of N.C. at Charlotte*, No. 3:08-CV-166-RJC-DCK, 2009 WL 2424039, at *2 (W.D.N.C. Aug. 3, 2009) (*quoting Ballard v. Carlson*, 822 F.2d 93, 96 (4th Cir. 1989)).